J. P. LEWIS v. THE TOWN OF PILOT MOUNTAIN AND COMMISSIONERS.

(Filed 17 November, 1915.)

**Municipal Corporations—Paving—Assessments—Legislative Authority—Vote of People.**

A municipal corporation may assess the owners of property along the street for paving the street, under legislative authority, without submitting the question to a vote of the town. Upon the question of notice, estoppel, and injunction, see *Marion v. Pilot Mountain, post,* 118.

APPEAL by defendants from order of *Justice, J.,* continuing the injunction to the hearing.

*S. P. Graves and W. F. Carter for plaintiff.*

*W. R. Badgett, Watson, Buxton & Watson for defendants.*

CLARK, C. J. This case is almost identical in every respect with *Marion v. Pilot Mountain, post,* 118, to the opinion in which we refer as the opinion in this case.

It is not necessary that there shall be a town election or that the lot owners shall vote in favor of assessing their lots for paving the sidewalk and streets in front of their property. This power is conferred by the Legislature in the amendment to the town charter. The plaintiff had the fullest and amplest notice of the order to pave his sidewalk and that if he did not pave it the city would do it, and he saw the work of paving being done, and during all this time he made no objection either by appearing before the town commissioners or otherwise.

Neither did he pay his assessment before seeking the injunction, Revisal, 2855, nor does it appear that the action of the board was arbitrary and oppressive or that the assessment is excessive. The commissioners of the town are vested with the discretionary power to order

the paving, and in the absence of oppression or an abuse of discretion the court should have dissolved the restraining order. *Rosenthal v. Goldsboro,* 149 N. C., 128; *Hilliard v. Asheville,* 118 N. C., 845; *Raleigh v. Peace,* 110 N. C., 32; *Wilson v. Phillippi,* 39 W. Va., 75.

Reversed.

HOKE, J., concurs in result. WALKER, J., dissents.