[Civil No. 1515   Filed June 26, 1916.]

[158 Pac. 428.]

CHARLES F. AINSWORTH, Appellant, v. ARIZONA ASPHALT PAVING CO., a Corporation, Appellee.

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONSTITUTIONAL REQUIREMENT—POPULAR VOTE.—Constitution, article 7, section 13, providing that special assessments shall be voted on by the political subdivision affected, is not violated by Civil Code of 1913, paragraphs 1953–1977, authorizing cities to make local improvements by assessing the benefited property owners, since the city is not liable for, and not affected by, such improvements.

2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—POWER TO MAKE —DRAINS.—Under Civil Code of 1913, paragraph 1954, and Act of March 3, 1915 (Laws 1915, c. 15), the city of Phoenix was authorized to order the construction of drains which, in its opinion, were necessary to complete any paving work.

3. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—POWER TO MAKE —DETERMINATION—NECESSITY.—The city's determination that certain drains were necessarily incidental to paving work was conclusive after the work was completed and assessments levied therefor.

4. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ENFORCEMENT OF ASSESSMENT—DEFENSE—DAMAGES CAUSED BY IMPROVEMENT.— Where a city assigned assessment warrants to a paving contractor who brought suit under Civil Code of 1913, paragraph 1966, as the real party in interest, defendant property owner cannot counterclaim against the contractor because the city adopted defective plans for the work.

5. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ENFORCEMENT OF ASSESSMENT LIEN—EVIDENCE—ADMISSIBILITY.—A warrant, assessment and diagram, with the affidavit of demand and nonpayment, is admissible under Civil Code of 1913, paragraph 1966, making such documents *prima facie* evidence of plaintiff's right to enforce an assessment lien.

6. MUNICIPAL CORPORATIONS — PRESUMPTIONS — STATUTE — VALIDITY.— Civil Code of 1913, paragraph 1966, making the warrant, assessment and diagram, with affidavit of demand and nonpayment, *prima facie* evidence of plaintiff's right to recover on an assessment warrant, is a valid rule of evidence.

7. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ENFORCEMENT OF ASSESSMENT—EVIDENCE—SUFFICIENCY.—Evidence *held* to sustain

a finding that two drains affected different portions of defendant's property, and therefore did not subject it to a double assessment.

8. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ENFORCEMENT OF ASSESSMENT—DEFENSE AND WAIVER.—In an action to enforce an assessment lien, the defense that a drain was defectively constructed is waived by failure to protest within a reasonable time.

9. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ENFORCEMENT OF ASSESSMENT—DEFENSE.—The failure to protest is not excused because it was impossible to determine that defendant's property would be injured until the work was completed.

[As to judicial inquiry into motives prompting enactment of ordinance relating to local improvement, see note in Ann. Cas. 1912A, 718.]

APPEAL from a judgment of the Superior Court of the County of Maricopa.  R. C. Stanford, Judge.  Affirmed.

Mr. C. F. Ainsworth, for Appellant.

Messrs. Chalmers, Kent & Stahl and Mr. J. L. Gust, for Appellee.

CUNNINGHAM, J.—By this action the appellee, as plaintiff, is seeking to foreclose a special assessment lien against the property of the defendants.  The lien is alleged to have attached to the property described in the complaint by reason of certain improvements made on First avenue, in the city of Phoenix, consisting of paving, curbing and a system of draining a portion of such street.  These improvements were made by the plaintiff in pursuance to the terms and conditions of a certain contract made and entered into by and between the city of Phoenix and the plaintiff.  The parties thereto in making such contract strictly and substantially observed all of the requirements of chapter 13 of title 7 of the Revised Statutes of Arizona of 1913, Civil Code.  In performance of the contract the parties thereto strictly and substantially observed all of the requirements of said chapter, including the giving of notices, the hearing of and disposing of protests, the performance and acceptance of the work done, the apportioning of the cost of the improvements made to the property within the prescribed district, the return and approval of the assessment made, notices thereof, and the de-

livery by the city of the warrant issued against the property described in the complaint to the plaintiff contractor, all as prescribed by the said chapter.

These facts are pleaded in the complaint, and the further facts are pleaded to the effect that the appellant and other defendants were and are the owners of all of said property, and that public demand for payment of the assessments was duly made; that appellant expressly waived the issuance of bonds provided for in said proceedings had upon his said property, and that personal demand for payment of said assessments was made on such defendant and payment refused; that due return of such assessment warrant was made, and the same recorded, and such proceedings had that the warrants were duly ordered paid, and in due time this action was commenced to enforce payment by foreclosure proceedings.

The complaint is voluminous, and I make this brief statement without the purpose of stating the many allegations of the complaint, but for brevity, for the reason few objections are made to the complaint, and these objections may be considered and fully understood in the absence of a statement of the allegations of the complaint in detail.

The appellant, Chas. F. Ainsworth, appeared and made defense. The action was dismissed as to Minnie A. Ainsworth, for the reason such party is dead and her heirs have no interest in the matter. The defendant, the St. Lawrence University, made no appearance. However, as a first defense, the appellant sets forth the alleged mortgage lien of said defaulting defendant, and claims the ownership of all of the property subject to such lien, and alleges that such lien is prior to the lien of the special assessment.

The appellant sets forth as his second defense that the work was improperly and illegally done, and such work is a detriment and disadvantage, because the same was constructed in such manner as to be and become, and it is, an injury to appellant's property, damaging his property. He alleges as an excuse for his failure to protest the impossibility of knowing or realizing that the work would result in such injury until such work was completed and in actual use and operation.

As a third defense he alleges that a storm drain sewer provided for in the said contract, designed to drain the water

accumulation in front of lot No. 29, one piece of the prop-
erty involved, was not constructed as provided for in said
contract, in the particular that as actually constructed it did
not serve to drain the water for which it was intended, and
drains a portion of said lot that is already provided with a
drain sewer connected with another district, for the construc-
tion of which appellant has been assessed and has paid such
assessment, alleging that such second assessment for said pur-
pose is unjust, improper and illegal.

As a fourth defense he alleges that the contract was void
in so far as it relates to and attempts to authorize the con-
struction of a storm drain sewer in front of or adjacent to
the premises described in the complaint, for the reason that
the city of Phoenix had no authority, right or permission,
either in law or in fact, to make and enter into said contract
with the plaintiff in so far as the same relates to the construc-
tion of said storm drain sewer; and for that reason all of the
assessments against defendant's property which relate to said
storm drain sewer are by reason of the foregoing facts illegal,
void and of no force and effect.

As a fifth defense he alleges that the improvements were
not made and done in accordance with the provisions of the
contract between the plaintiff and the city of Phoenix.   In
so far as the alleged storm sewer is concerned, the same was
constructed, placed and made without the consent or author-
ity of this defendant and without any authority of law.

The defendant sets forth the alleged facts that the storm
drain sewer as constructed had no outlet, and caused water to
stand on the street to his injury, and claims $2,500 as damages
for such injury.

The plaintiff replied, and demurred to these several defenses
on the grounds that the facts stated are insufficient to con-
stitute defenses or any defense to the cause of action stated,
admitted that plaintiff made the improvements mentioned,
and denied all other allegations of the answer.

Therefore the said defendant, ''for his second amended an-
swer to the complaint of the plaintiff, but reserving all his
rights under his original answer herein, . . . '' demurs to the
complaint upon the grounds that the facts stated are insuffi-
cient to constitute a cause of action, and upon the grounds that
it appears from the complaint that the special assessment

levied against the property was made and levied without submitting the question of such special assessment to the vote of the property taxpayers in the improvement district mentioned and referred to in the complaint. He sets forth as pleas in bar that the ordinance of the city and chapter 13 of title 7, Civil Code of 1913, authorizing said ordinance, are invalid, because in conflict with section 13, article 7, of the state Constitution, because said constitutional provision provides that:

"Questions upon bond issues or special assessments shall be submitted to the vote of the property taxpayers who shall in all respects be qualified electors of the state and of the political subdivision thereof affected by such question."

He further alleges that the question relative to the making and levying of said special assessment, or of issuing of bonds to pay for the improvements referred to in the complaint, were never submitted to the duly qualified electors and taxpayers within the district affected by said questions, special assessments and bonds.

As a further answer he alleges that the special assessment in so far as it relates to the making and constructing of the storm sewer is invalid, for the reason the city had no authority in law to make the same, and for the further reason that such storm sewer is not, and cannot be, of any value whatever to the property of this defendant. He further denies generally each and every allegation of the complaint not expressly admitted.

The plaintiff demurred to the pleas in bar on the grounds that they do not state facts sufficient to constitute defenses or any defense to the cause of action.

The court overruled the demurrers of the defendant interposed to the complaint, and granted plaintiff's motion to strike the matters setting forth defendant St. Lawrence University's mortgage lien, sustained plaintiff's several demurrers, and received evidence on the merits. Upon the conclusion of the evidence the judgment and decree establishing and foreclosing the special assessment lien was rendered. Defendant moved for a new trial, and the motion was denied. From the judgment and order refusing a new trial, the defendant appeals.

The appellant assigns as error the orders of the court overruling his demurrers to the complaint, in sustaining plain-

tiff's demurrers to the defenses pleaded, in admitting in evidence plaintiff's assessment warrant and accompanying documents, designated as Exhibit A, in separating the several items of assessment in the judgment, and in overruling defendant's motion for a new trial.

The questions raised are whether the legislature was acting within its constitutional powers when enacting chapter 13 of title 7, authorizing cities to make local improvements by special assessment of the property benefited without first submitting the question of such special assessment to the vote of the property taxpayers in the improvement district designated and affected by such improvement; whether the city acted within the authority granted by the said chapter, if valid, in causing a storm drain sewer to be constructed in connection with the said street improvement; whether the storm drain sewer actually constructed was a benefit to the property assessed to pay therefor as a part of the improvement; whether the defendant in this action, by the contractor assignee of the assessment warrant, may in law set off damages proximately resulting to his property from defective construction of said storm drain sewer, such sewer having been defective, and such defects having arisen solely from defects in the plans and specifications for such sewer adopted by the city, and such sewer having been constructed in substantial conformity with such defective plans and specifications; whether the warrant, assessment and diagram, with the affidavit of demand and nonpayment, are admissible in evidence; and whether the evidence sustains the judgment in the particular that defendant's lot No. 29 has not as a fact been subjected to a double assessment, that for an assessment to pay for two storm drain sewers adjacent to the lot, one connected with the Central avenue improvement, and the storm drain sewer here in question connected with the First avenue improvement, but both draining the same portions of said lot No. 29.

The first question, the question of the power of the legislature to authorize the city to specially assess property within a local district benefited by the street improvement, without submitting the question of such special assessment to a vote of the property taxpayers within the local improvement district, was before this court in *City of Globe* v. *Willis*, 16 Ariz. 378, 146 Pac. 544, and that question is decided adversely

to this appellant's contentions. The question is one involving property rights, and its decision is of a nature establishing a rule of property, and for that reason ought not be lightly disturbed, but disturbed only when such rule is evidently and manifestly wrong. The question was fully considered in *City of Globe* v. *Willis,* and the rule announced then was the result of such full consideration. I think it is the correct rule, and I am of the opinion such rule ought to be affirmed. Consequently I adhere to that rule, and am of the opinion chapter 13 of title 7 is a valid enactment, and the city of Phoenix was authorized to pass such ordinance as referred to, under the power granted. The court did not err in overruling defendant's demurrers and sustaining plaintiff's demurrers affecting this question.

The second question is answered by paragraph 1954 of the Civil Code of 1913 (and the authority is continued by the act of March 3, 1915; Session Laws, p. 24), whereby the city was duly empowered to order storm water ditches, conduits, etc., and also ''to order storm water drains with outlets for drainage purposes in, over or through any public street; . . . and the construction or reconstruction of any work of the character in this section enumerated, which may in its opinion be necessary to complete or to repair the improvement of any part of any such work.'' Manifestly the city entertained the opinion that the storm drain sewer was work of a character necessary to complete the paving improvement work, otherwise the work would not have been included in the paving contract. The opinion of the city in this respect is final, and may not be questioned by the property owner after the work has been completed and the assessment levied on his property to pay the cost of construction. Such work is manifestly incidental to the work of paving the street.

Was the storm drain sewer, as actually constructed, a benefit to the property assessed? The opinion of the city authorities answers that it was a benefit. But this defendant contends that, owing to defects in the plans adopted for its construction, the said sewer proved to be a detriment and worked an injury to his property instead of conferring a benefit as was its purpose. Hence he claims a right in this action to set off or recoup from the assessments, $2,500 as damages. This action is prosecuted by the assignee of the

assessment warrants, as the real party in interest, in its own name, under paragraph 1966, of the Civil Code of 1913.  The contract for the construction of the work was made with the plaintiff contractor, and the city had the right to, and it did, prescribe the plans and specifications for the doing of the work.  If the plans and specifications actually adopted and prescribed were defective in the particular claimed, and defendant's property was injured by reason of such defects, and the contractor executed the work in conformity to such defective plans and specifications as its contract obligation with the city required it to do, then the damages to defendant arose from the wrong of the city by adopting the defective plans and specifications and requiring the work to be done in conformity thereto.  The contractor is not liable to defendant for the city's wrong.  The city having assigned the assessment warrants to the plaintiff, the assignment would not relieve the city of its liability to respond in damages, nor give the defendant the right to recover damages from the holder of the warrants.  Such claims cannot be interposed by counterclaim or by cross-complaint in an action for the enforcement of a special assessment prosecuted by the contractor as the assignee of the assessment warrants, but the claimant must look elsewhere for relief.  *Engebretsen* v. *Gay,* 158 Cal. 27, 109 Pac. 879.

The court did not err in sustaining plaintiff's demurrer to that portion of the defendant's answer setting up damages inflicted by the city by adopting defective plans and specifications for the construction of said storm drain sewer.

Paragraph 1966 of the Civil Code of 1913 expressly provides that:

"  . . . The said warrant, assessment and diagram, with the affidavit of demand and nonpayment, shall be held *prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the" city officers and bodies "upon which said warrant, assessment and diagram, are based, and like evidence of the right of the plaintiff to recover in the action."

Exhibit "A," the evidence offered, objected to, and admitted of which complaint is made, appears to be "the said warrant, assessment, and diagram, with the affidavit of demand and nonpayment," and is certainly admissible in evi-

dence for the purposes mentioned in the statute, if the statute is valid, and, in my opinion, it is a valid rule of evidence.

The remaining question raised presents a question of double assessment. The evidence of defendant's witness, Avery Thompson, is to the opposite effect; hence the judgment is sustained by the evidence offered by the plaintiff and by the defendant, in that the storm drain sewer did drain a portion of lot No. 29, which the drain connected with the Central avenue improvement district was not designed to nor did drain. In such circumstance the assessment for both drains was not a double assessment, but each served a separate and beneficial purpose. The alleged fact that the said storm drain sewer as planned and constructed did not have an outlet provided is a matter waived by the property owners in failing to protest upon that ground within a seasonable time, and having failed to protest, and thereby waived such defects in so far as the defects affect the validity of the special assessment, they cannot be heard to assert such grounds as a defense to the enforcement of the assessment lien. In any event the excuse given for defendant's failure to enter protest is insufficient.

I find no reversible error in the record, and the appellant has pointed out no error justifying this court in reversing the judgment. Therefore I am of the opinion the judgment must be affirmed.

ROSS, C. J., and FRANKLIN, J., concur.