[Civil No. 2095. Filed October 15, 1923.]

[218 Pac. 994.]

NANNIE McROBERTS, Appellant, v. CITY OF PHOENIX, a Municipal Corporation, Appellee.

1. MUNICIPAL CORPORATIONS — PROTEST OF MAJORITY OF FRONTAGE OWNERS NOT PROTEST BY OWNERS OF "MAJORITY OF FRONTAGE."— A written protest against a proposed street improvement by a majority of the frontage owners is not a compliance with Civil Code of 1913, paragraph 1957, as amended by Session Laws of 1917, chapter 52, requiring a protest by the owners of a "majority of the frontage."

2. MUNICIPAL CORPORATIONS—COMPLAINT SEEKING INJUNCTION HELD DEFECTIVE FOR FAILURE TO STATE FACTS AS TO PUBLICATION OF RESOLUTION OF INTENTION AND POSTING OF NOTICE OF IMPROVEMENT.—In an action to enjoin a city from proceeding with a contemplated street improvement, complaint *held* defective for failure to set up facts showing the date of the last publication of the city's resolution of intention, and the date when the posting of the notice of the proposed improvement was completed by the superintendent of streets.

3. PLEADING—ALLEGATION AS TO EFFECT OF PROTEST AGAINST STREET IMPROVEMENT HELD CONCLUSION OF LAW.—In an action to restrain a city from proceeding with a contemplated street improvement, allegation "that the operative effect in law of said protest, and the filing of the same, was and is a bar to any further pro-

ceedings in relation to making any further improvements on said street . . . for a period of six months," *held* a mere conclusion of law.

4. MUNICIPAL CORPORATIONS — STREET IMPROVEMENT HELD NOT SUBJECT TO REVIEW BY COURTS.—A city will not be enjoined from paving a street merely because the proposed paving will not connect with the paving in the business section, or because the paving is not for the entire width of the street, and that the narrowing of the street will interfere with the use of abutting owner's property for business purposes, since under Civil Code of 1913, paragraph 1954, as amended by Session Laws of 1915, chapter 15, a city has discretion as to the character and extent of the improvement, and exercise thereof is not subject to review by the courts, unless it can be shown that improvement is against public interest and convenience.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   Frank H. Lyman, Judge. Affirmed.

Mr. J. B. Woodward, for Appellant.

Mr. W. L. Barnum and Mr. J. E. Nelson, for Appellee.

CHAMBERS, Superior Judge.—This is an action brought by the appellant to restrain the appellee from proceeding with a contemplated improvement, being a pavement, on First Street in the city of Phoenix, between the north line of Taylor Street and the south line of Culver Street in said city.   The court below sustained the demurrer to the complaint and entered judgment dismissing the action.   From that judgment this appeal is prosecuted.

Those portions of the complaint which it seems necessary to have before us in order to arrive at a decision are as follows:

"That she [plaintiff] is the owner of and resides at No. 522 North First Street, being lots 7 and 8, in block 3, of Churchill's addition to the city of Phoenix, having a frontage on said street of one hundred (100) feet between Taylor and Fillmore Streets, and in

co-operation with other frontage owners on said First street as follows: [Here follow the names of some 50-odd persons, together with the number of lots owned by each]—being a majority of the frontage owners thereon between Van Buren and Culver Streets, who, on the 1st day of September, 1921, filed their written protest against the defendant's proposed paving on said First Street under its resolution so to do, numbered 681, between the south line of Culver Street on the north, and the north line of Van Buren Street on the south. That said protest was filed with the city clerk of Phoenix, who indorsed thereon the date when said protest was received by him. That under and by force of chapter 52 of the Session Laws of 1917, amending chapter 13, title 7 of the Revised Statutes of Arizona of 1913, Civil Code, the operative effect in law of said protest, and the filing of the same, was and is a bar to any further proceedings in relation to making any further improvements on said street between the south line of Culver Street on the north, and the north line of Van Buren Street on the south, for a period of six months, and that on and after said first day of September the owners of one-half or more of said frontage on said First Street did not, within 15 days, and have not since petitioned for said work to be done. That in an effort to evade the restrictions imposed by the said Session Laws of 1917 the defendant through its commissioners, has essayed to pave a portion of said street as follows: All that portion between the north line of Taylor Street and the south line of Culver Street—and on January 18, 1922, passed an ordinance to this end, adopting plans to pave said First Street in front of plaintiff's said property, and also a resolution of intention to pave, numbered 751, and has published said resolution in the ARIZONA GAZETTE, a daily newspaper of general circulation of the city of Phoenix, and has posted notices of its proposed improvement of said street, and is about to advertise for bids for the work, and is about to sign a contract for the work; and will do so immediately, if not restrained. That said action of defendant, and threatened proceedings of defendant, are inhibited by the statute laws of this state. That the execution of defendant's purpose will sub-

ject plaintiff to great loss and irreparable injury, in that plaintiff's said property is in the business district, and the proposed work of defendant will leave 760 feet unpaved, and not connected with the business district on the south at Van Buren Street. In fact, the proposed work, when completed, will not reach to, or be connected with, any other paved street north or south, or east or west, for seven blocks. That the width of said First Street is 100 feet, and the pro- -posed action of defendant will narrow the intersecting street on the north side of plaintiff's property to 35 feet, and narrow said First Street three blocks north of her property in a like manner, and she will be required to pay for 64 feet of width of pavement without receiving any benefit therefrom. That plaintiff's property is in the business section and adjoins a business house on the west, on Fillmore Street, an automobile salesroom and garage, which business requires a full-width street of 48 feet, at least. That the plans for resolution No. 751 are for a 35-foot street on Fillmore Street, and the intersection will be turned, and established that width, if the street is paved. That this narrow street will effectually prevent the use of plaintiff's Fillmore Street frontage of 135 feet for business purposes. That the entire width is now used for automobiles that come to the adjoining business, and the narrowing of the street would drive off business from the street, and impoverish the plaintiff. . . . That the proposed plans and specifications of defendant, if carried out by it, will result in great loss to plaintiff, for which she has no plain, speedy, and adequate remedy at law.''

Taylor Street is a street of the city of Phoenix, intersecting First Street about 760 feet north of Van Buren Street.

Appellant seeks to enjoin the city from continuing said proposed improvement, as alleged in the complaint, first, for the reason that a majority of the frontage owners on First Street, between Van Buren and Culver Streets, filed a protest with the city clerk in accordance with the provisions of paragraph 1957 of the Civil Code of 1913, as amended by chapter 52

of the Session Laws of the Third State Legislature. That portion of paragraph 1957, as amended, which it is necessary to consider here, reads as follows:

"1957. The owners of a majority of the frontage of the property fronting on said proposed improvement . . . may make a written protest against said improvement within fifteen days after the date of the last publication of the resolution of intention, or within fifteen days after the completion of the posting of notices of the proposed improvement by the superintendent of streets if such date be subsequent to the day of said last publication. Such protest shall be filed with the city clerk or other officer exercising like official functions, who shall endorse thereon the date of their reception by him, and such objections so delivered and endorsed shall be a bar to any further proceedings in relation to the making of said improvement *for a period of six months from the date such objections are filed* unless the owners of one-half or more of the frontage as aforesaid shall meanwhile petition for the said work to be done."

We notice distinctly that the language of the statute is:

"The owners of a majority of the frontage of the property fronting on said proposed improvement may make a written protest," etc.

But the language of the complaint is:

"A majority of the frontage owners thereon between Van Buren and Culver Streets, who, on the 1st day of September, 1921, filed their written protest against the defendant's proposed paving on said First Street," etc.

It is very plain that this allegation of the complaint does not come within the statute, and is therefore not a protest in compliance with the statute. A majority of the frontage owners does not necessarily mean the owners of a majority of the frontage. For example, if the frontage is 5,000 feet, and there are 75 owners of frontage, the 50 signing the alleged protest are a

majority of the frontage owners; but, if such 50 frontage owners own only 2,500 feet of frontage, or less, they are not the owners of a majority of the frontage.

The complaint is further defective for the reason that it does not set up the facts showing the date of the last publication of the city's resolution of intention numbered 681, nor the date when the posting of the notice of the proposed improvement was completed by the superintendent of streets. The allegation of the complaint, "that the operative effect in law of said protest, and the filing of the same, was and is a bar to any further proceedings in relation to making any further improvements on said street . . . for a period of six months," is a conclusion of law, and in that respect the case comes within the case, recently decided by this court, of *Feland* v. *City of Phoenix, ante,* p. 317, 217 Pac. 65.

Appellant also bases her application for injunctive relief upon the ground that the proposed paving will not connect with the paving in the business section, that the paving is not for the entire width of the street, and that the narrowing of Fillmore Street will interfere with the use of plaintiff's property for business purposes. The complaint in this respect does not state a cause of action for injunctive relief. Paragraph 1954, Revised Statutes of Arizona of 1913, Civil Code, as amended by chapter 15, page 24, Session Laws of 1915, Regular Session, provides that:

"Whenever the public interest or convenience may require, the legislative body of such municipality is hereby authorized and empowered to order the whole or any portion, either in length or width, of one or more of the streets, lanes, alleys, places, courts, avenues, boulevards, highways, crossings, intersections or public ways of any such municipality graded or regraded, planked or replanked, paved or repaved, macadamized or remacadamized, graveled or re-

graveled, piled or repiled, capped or recapped, oiled or reoiled, or otherwise improved or reimproved.''

Under such a statutory provision the character and extent of the improvement are within the discretion of the city, and are not subject to review by the courts, unless it can be shown that such improvement is against the public interest and convenience.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

N. B.—Judge LYMAN being disqualified, Honorable W. R. CHAMBERS, Judge of the superior court of the state of Arizona in and for the county of Graham, was called to sit in his stead.