**COLLINS v. CITY OF PHŒNIX et al.**

Circuit Court of Appeals, Ninth Circuit.
June 4, 1928.

Rehearing Denied June 18, 1928.

No. 5446.

1. **Municipal corporations** ⊂⇒413(1)—**City officers held to have power under charter to improve streets by local assessment.**

Under charter of city of Phœnix, providing that legislative powers of city shall extend to all rightful subjects of legislation not forbidden by laws or Constitutions, and providing that, whenever cost of improvements should be paid by special assessment on private property, laws of state in force at time of improvement should govern, city officers *held* to have power to improve streets by local assessment.

2. **Municipal corporations** ⊂⇒279—**City could proceed to make street improvements by local assessment without election authorizing same (Const. Ariz. art. 7, § 13).**

Under Const. Ariz. art. 7, § 13, requiring that all questions of bond issues and special assessments should be submitted to vote of property tax payers affected by such question, city could proceed to make street improvements by local assessment without being first authorized at such election.

3. **Courts** ⊂⇒366(6)—**State decisions on question of meaning of local law control in federal court (Const. Ariz. art. 7, § 13).**

State decisions regarding meaning of local law under Const. Ariz. art. 7, § 13, requiring that questions on bond issues and special assessments should be submitted to vote of property tax payers, control in federal court.

4. **Constitutional law** ⊂⇒290(1)—**Procedure prescribed by state law regarding street improvements by local assessment held not wanting in due process of law (Civ. Code Ariz. 1913, par. 1953 et seq.).**

Procedure prescribed by Civ. Code Ariz. 1913, par. 1953 et seq., relating to street improvements by local assessment, *held* not violative of due process provision of federal Constitution.

5. **Constitutional law** ⊂⇒290(1)—**That assessment for street improvement is made public record before it is approved by commission does not make proceeding invalid (Civ. Code Ariz. 1913, par. 1953 et seq.).**

That assessment for street improvement under Civ. Code Ariz. 1913, par. 1953 et seq., is made public record before it is approved by commission, does not make proceeding invalid, as violating due process clause of federal Constitution, since statute itself constitutes notice to all world that lien is only tentative and contingent.

Appeal from the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Suit by J. D. Collins against the City of Phœnix and another. From an order denying plaintiff's application for a temporary injunction, plaintiff appeals. Affirmed.

26 F.(2d)—48

John W. Ray and Joseph C. Niles, both of Phœnix, Ariz., for appellant.

W. L. Barnum and Kibbey, Bennett, Gust, Smith & Lyman, all of Phœnix, Ariz., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. · This is an appeal from an order of the United States District Court of Arizona denying plaintiff's application for a temporary injunction restraining the city of Phœnix from proceeding with certain street improvements, the cost of which is to be assessed against abutting property.

[1] His first contention is that the city officers are wholly wanting in the power so to assess and collect the cost. Under the Constitution of Arizona cities are created, not under any legislative act, special or general, but pursuant to a vote of the inhabitants. Hence, in the charter so adopted, rather than in a statute, is to be found a definition of the powers of the municipality and of its officers. The governing body of Phœnix is designated as the "commission," and in section 1 of chapter 4 of the charter it is provided that "the legislative powers of the city of Phœnix shall be vested in and exercised by the commission, except as herein limited or reserved to the electors of the city. The legislative powers of the city shall extend to all rightful subjects of legislation not forbidden by the Constitution of the United States, the Constitution or laws of the state of Arizona, or the provisions of this charter."

This is a broad grant of power, and admittedly the improvement of streets by local assessment is a rightful subject of legislation, and not forbidden by the Constitution of the United States, or by the Constitution or laws of Arizona. Nor do we think it is forbidden by any other provision of the charter. Appellant relies upon subdivision 45 of section 2 of the same chapter, which, after describing in great detail what the commission may lawfully order done in improving and maintaining the streets and in constructing and maintaining sewers, declares in separate clauses that the commission may also "provide for the lighting of streets, alleys, public squares and places in said city," and may "assess the cost of the installation of lamps, standards and other devices for such lighting * * * against the real estate of the owners benefited thereby," and that, in case of the improve-

ment of a street upon which there is a railroad track, the commission may assess the cost of the improvement of the part so occupied, and for two feet on either side, to the owner of the track. It is true that, because of these express provisions for local assessment respecting certain improvements and the absence of a like provision in respect of other improvements, the paragraph, standing alone, would be susceptible to the construction of impliedly withholding the power in the cases where it is not expressly conferred. But immediately following this paragraph, and in the same subdivision, it is further declared that: "Whenever in the judgment of the commission, or of the people, the cost and expense of any of the foregoing improvements is to be paid by special assessment on private property, the laws of the State of Arizona in force at the time of the improvement shall govern and control, and all proceedings shall be in conformity therewith: Provided, however, that the commission may by ordinance at any time prescribe a different and other procedure therefor."

When we consider that generally it is the practice to assess against adjacent property the cost of pavements, sidewalks, and sewers, and the general legislative power conferred by section 1, together with the language just quoted, it would be too great a strain to hold that it was the intention of the electors to withhold from the commission a power almost universally exercised by such bodies. The precise question does not appear ever to have been expressly decided by the state courts of Arizona, but in a number of cases such power in the commission was necessarily assumed. In re Mosher, 25 Ariz. 297, 216 P. 242; McRoberts v. Phoenix, 25 Ariz. 466, 218 P. 994; Fidelity & Guaranty Co. v. California Arizona Construction Co., 21 Ariz. 172, 176, 186 P. 502; Ainsworth v. Arizona Asphalt Paving Co., 18 Ariz. 242, 158 P. 428; Phoenix v. Southwest Flour & Feed Co. (Ariz.) 250 P. 1060; Mosher v. Phoenix (Ariz.) 263 P. 5.

Counsel for appellant concede that, in the last case cited, they, being attorneys for the appellant there, made the identical contention they now present, and, while the court did not in terms refer to it, the point may have been covered by the concluding paragraph of the opinion, where it is said: "It appearing to us from the record that the city commission acted within its jurisdiction in proceeding with the improvement in question," etc.

[2, 3] It is next urged that, under section 13 of article 7 of the State Constitution, requiring that all "questions upon bond issues or special assessments shall be submitted to the vote of property tax payers, who shall also * * * be qualified electors of the * * * political subdivision * * * affected by such question," the commission could not proceed without being first authorized at such an election. Directly to the contrary are City of Globe v. Willis, 16 Ariz. 378, 146 P. 544, and Ainsworth v. Paving Co., 18 Ariz. 242, 158 P. 428. And, the question being strictly one of the meaning of local law, consideration here is foreclosed.

[4, 5] The third contention is that the procedure prescribed by the local assessment law of the state is violative of the due process provision of the federal Constitution. Briefly sketching the procedure, the commission, upon deciding to make an improvement, must enter a resolution of intention, defining what is proposed, with information respecting the property to be charged and the cost thereof. Notice is thereupon to be published and conspicuously posted along the line of the projected work for a substantial length of time, and within 15 days after publication and posting is complete protest may be filed against the proposal by the owners of a majority of the property to be charged, or by any number of owners, against the extent of the district to be assessed. Upon notice to the protestants, if any, a hearing is had before the commission. If no protests are filed, or if the protests are overruled, the commission may enter an order that the proposed improvements be made. The superintendent of streets is then to give notice reciting the action of the commission, and inviting bids for construction. If thereafter the commission accepts any bid, a record must be made and notice of such action published as prescribed. At any time within 15 days after the first publication, any person whose property is affected may file with the city clerk a notice, specifying any alleged irregularity, defect, or omission in any of the proceedings theretofore had, and thereupon such objection is considered, and, if found well taken, the commission may either correct the error or abandon the project. If no such objection is filed, or the defect is cured, the contract for construction is executed. Upon the completion of the work, and when the full cost thereof is ascertained, such cost is by the superintendent of streets allocated to the several parcels of property chargeable, and

such assessment is recorded against the property, and "warrants" therefor in the form specifically prescribed are delivered to the contractor as evidence of his several liens upon the separate parcels of property. The assessment and recording so made are to be reported to the commission, whereupon a time is fixed for hearing, and public notice is given that any one interested may appear within the time fixed which cannot be less than 20 days, and object to the assessment upon any substantial ground. If objection is made, a hearing is had, with wide discretion in the commission respecting remedial action, including suspension of the assessment until the contract shall have been fully performed, modification of the amounts of the several assessments, and the ordering of a new assessment. Civil Code Ariz. (Rev. Stat. 1913) par. 1953· et seq.; Fidelity & Guaranty Co. v. California Arizona Construction Co., 21 Ariz. 172, 198, 202, 186 P. 502.

We think that clearly the statutory scheme thus briefly sketched is in no respect wanting in due process of law. Embree v. Kansas City Road Dist., 240 U. S. 242, 251, 36 S. Ct. 317, 60 L. Ed. 624; Farncomb v. Denver, 252 U. S. 7, 40 S. Ct. 271, 64 L. Ed. 424. It is not important, we think, that the assessment is made a public record before it is approved by the commission. The statute itself constitutes notice to all the world that the lien is only tentative and contingent. Coffin Bros. et al. v. Bennett, 48 S. Ct. 422, 72 L. Ed. —— (April 30, 1928).

Affirmed.