RHODES & JACOBS MANUF'G CO. v. STATE OF NEW HAMPSHIRE
et al.

(Circuit Court. D. New Hampshire. October 26, 1895.)

FEDERAL COURTS—JURISDICTION—ENJOINING CRIMINAL PROCEEDINGS.

A federal court has no jurisdiction in equity to enjoin state police and judicial officials from commencing or prosecuting criminal proceedings in the courts of the state, under the laws thereof, though such laws are alleged to be in violation of the constitution of the United States.

Geo. H. Warren and Thomas C. Welch, for complainant.
Edwin F. Jones and E. G. Eastman, for defendants.

Before PUTNAM, Circuit Judge, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. The complainant is a corporation created under the laws of the state of Illinois, and having its principal office, place of business, and manufactory at Chicago, in that state. The defendants named in the bill are the state of New Hampshire, the mayor of the city of Manchester, in that state, the city's solicitor, its chief of police, and the justice of its police court. The complainant has discontinued as against the state. The complainant alleges that it has been and is engaged in the manufacture of pictures and picture frames at Chicago, and in the exportation of them from Illinois to New Hampshire, and the sale of them from house to house in the city of Manchester, through its agents, Katz, Miller, and Wolf.

The complainant alleges that these agents were arrested by a police officer of the city of Manchester, brought before the police justice, who is made a defendant, and were bound over by him to appear before the supreme court of the state, under color of a criminal prosecution commenced against such agents for making sales from house to house of the complainant's merchandise, in alleged violation of the statute of New Hampshire relating to hawkers and pedlers, approved April 1, 1893, and that this statute, so far as it, by its terms, interferes with the complainant's business in the manner stated, violates various provisions of the constitution of the United States. The bill clearly states on its face a matter in dispute arising under that constitution. The bill also contains the following allegation:

"The said Rhodes & Jacobs Manufacturing Company further avers that it will suffer irreparable damage and injury, as it verily believes, to the extent of twenty thousand dollars, if prevented from selling or offering for sale its merchandise aforesaid, in the manner aforesaid, within said state of New Hampshire and said city of Manchester."

This allegation is denied in the answer.

The bill also alleges that the city and its police are threatening to continue to enforce the statute against the complainant's agents, and that, unless restrained, the defendants will prevent the complainant from selling its merchandise in that city; and the com-

plainant therefore asks, to use the language of the bill, that the defendants, their justices of the peace and police officers, shall be restrained from preventing the complainant, its servants and agents, from selling or offering for sale in the manner described, in the city of Manchester and within the state of New Hampshire, pictures or picture frames, the products of complainant's factories at Chicago, and from enforcing the statute referred to with reference to the premises. It will be observed that this injunction, if granted, will relate to the official acts of the various defendants, in their several capacities of mayor, police officer, and justice of the police court. It might well be questioned, on general principles, whether the officers of the law, either police officers or justices of courts, are the agents of the city, for which it is responsible, or which it can control; and it may therefore well be questioned whether it can be in any way involved in this controversy. But no point is taken touching this suggestion.

The allegations which we have explained are ordinarily sufficient to maintain a bill for an injunction, because the injury arising from the alleged unlawful acts is not remediable by suits for damages, while, also, its continuance is clearly intended.

It is claimed by the defendants that this suit relates to the protection of persons only, and not to that of property, and that a court of equity has no criminal jurisdiction, or jurisdiction to restrain criminal prosecutions. So far as these claims touch the question of the power of the federal courts to restrain criminal prosecutions in state courts, we will discuss them further on, but, beyond doubt, the case involves property rights, even if this is essential; and, except as prevented by section 720 of the Revised Statutes, the federal courts have general jurisdiction in equity to restrain proceedings in state courts violative of the constitution of the United States.

Assuming, for the purpose of discussing the jurisdictional question only, that the state statute in issue here is distinguishable from that in Emert v. Missouri, 156 U. S. 296, 15 Sup. Ct. 367, we must inquire whether this suit gives this court jurisdiction over the question raised. Ordinarily, proceedings touching such matters have been by habeas corpus for the discharge of persons held in custody for the violation of alleged unconstitutional acts, or by writs of error to the state courts. The supreme court has pointedly cautioned the circuit courts that even writs of habeas corpus are not ordinarily to issue, interfering with the proceedings of state courts, in cases which can be reached by writs of error without substantial detriment. The latest instance of this is New York v. Eno, 155 U. S. 89, 15 Sup. Ct. 30, although the principle was stated in In re Chapman, 156 U. S. 211, 217, 15 Sup. Ct. 331. This rule, however, does not apply where the ordinary course of proceedings under a state statute would interrupt the current of interstate commerce. The reasons for this were well stated by Judge Simonton in Ex parte Jervey, 66 Fed. 957, 962, and are illustrated in Minnesota v. Barber, 136 U. S. 313, 10 Sup. Ct. 862, where the issue of a writ of habeas corpus by the circuit court to the state court, and the discharge of

the petitioner under the same, were sustained by the supreme court. Also in Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, a writ issued from a circuit court to a state court in a case involving the occupations of a large class in the community, and the supreme court ordered the discharge of the petitioner. Therefore there would be no difficulty here, except for the fact that this is a proceeding for an injunction, instead of an application for a discharge from arrest by a writ of habeas corpus. We are asked to enjoin one of the defendants from proceeding in his official capacity as a justice of a state police court, admittedly a judicial function, and all the other defendants are sought to be restrained in the exercise of their official duties solely and purely with reference to the incidents of proceedings in the justice's court. It is plain that under section 720 of the Revised Statutes the proceedings instituted before this bill was filed, and described in it, cannot be enjoined by this court. It seems, however, to be for the most part considered that this section does not apply to proceedings, either criminal or civil, which have not in fact been commenced, but which are threatened by state officials. Mr. Justice Bradley in Live-Stock Dealers' & Butchers' Ass'n v. Crescent City Live-Stock Landing & Slaughterhouse Co., 1 Abb. (U. S.) 388, 404, 407, Fed. Cas. No. 8,408, and Mr. Justice Blatchford in Fisk v. Railroad Co., 10 Blatchf. 518, Fed. Cas. No. 4,830. A like distinction seems also to have been made by Judge Pardee in Louisiana v. Lagarde, 60 Fed. 186, 193, and by Judge Sawyer in Yick Wo v. Crowley, 26 Fed. 207. Therefore, if we had only this statutory provision to consider, we might find no difficulty in going to an injunction against criminal proceedings threatened, but not commenced, when this bill was filed. There are, however, further questions in the way.

Complainant relies on section 716 of the Revised Statutes, and has stated various propositions, and cited various authorities, from the standpoint of that section. But while, as said by the court of appeals for this circuit in Garner v. Bank, 16 C. C. A. 86, 67 Fed. 833, section 720 does not apply to proceedings incidental to jurisdiction properly acquired by a federal court for other purposes than that of enjoining proceedings in a state court, the converse of this proposition is also ordinarily true. This is so well settled as to need no discussion, and disposes of this claim on the part of the complainant. On the other hand, the broad proposition of defendants, that this court cannot proceed because the transactions to which the case relates touch questions of a criminal nature, although apparently supported by some expressions of the supreme court, is yet limited and met, in the general way in which it is put by the defendants, in In re Debs, 158 U. S. 564, 593, 15 Sup. Ct. 900, 1039. The only questions, therefore, we have to consider are: First, whether, barring the exceptional cases where criminal proceedings are instituted by a party to a suit already pending, a court of chancery of a particular state has power to restrain such proceedings in a criminal court of the same state; and, second, if not, whether the rule applies, as against a federal court, with reference

to proceedings under the criminal laws of a state. The question is not whether congress can vest this power in the federal courts, but whether, in the absence of any express provision vesting it, federal courts can proceed against the officers of the state under the general rules relating to the jurisdiction of chancery courts. The first question seems to be fully answered in the negative. The authorities touching it are sufficiently collected in In re Sawyer, 124 U. S. 200, 210, 8 Sup. Ct. 482. As to the second one, Judge Simonton, in the Fourth circuit, in Donald v. Scott, 67 Fed. 854, restrained the seizure and confiscation of liquors by state officials. But it does not appear in the report of the case whether this particular question was brought to his attention, or whether, indeed, the seizures which were there in contemplation were authorized by the statute to be made without judicial warrants, or were strictly of a criminal character. In Louisiana v. Lagarde, 60 Fed. 186, already referred to, Judge Pardee issued an injunction against the board of agriculture, to prevent its members from instituting criminal prosecutions based on a law claimed to be unconstitutional as interfering with interstate commerce, and he distinguished between the officials of that board and the law officers of the state. He appears not to have decided whether or not there is jurisdiction to enjoin such law officers from prosecuting the criminal proceedings for which the statute provided. He also says, on page 192:

"I do not think it necessary * * * to determine the yet unsettled question of how far proceedings criminal in their character, taken by individuals or organized bodies of men, tending, if carried out, to despoil one of his property or other rights, may be enjoined by a court of equity."

It appears that the board of agriculture could not itself commence criminal proceedings, and he merely restrained that board from instigating them. But in Suess v. Noble, 31 Fed. 855, it was held by Judge Love, in the circuit court for the Southern district of Iowa, that that court could not interfere by injunction with the prosecution and punishment of crimes and offenses in the common-law courts of the state, and this independently of section 720 of the Revised Statutes. As we understand this case, it makes the same answer to our second question which we have given to the first, and would leave no distinction arising out of the fact that we are considering the jurisdiction of a federal court to enjoin criminal proceedings threatened in a state court, instead of the general power of equity courts to enjoin proceedings of that character. This case was cited, with a body of other cases representing the law on this general topic, in In re Sawyer, already referred to. It was there used as maintaining the general proposition that a court of chancery has no power to restrain criminal proceedings, unless instituted by a party to a suit already pending before it, and to try the same right that is in issue there. Grouped as it was, the citation indicates a purpose to apply the rule not only to state courts proceeding on general principles of equity jurisdiction, but also to federal courts proceeding on the same general principles, with reference to criminal prosecutions intended to be instituted by the local officers of

the law. The rule is laid down in the strongest terms in Virginia v. Paul, 148 U. S. 107, 114, 13 Sup. Ct. 536:

"The prosecution and punishment of crimes and offenses committed against one of the states of the Union appropriately belong to the courts and authorities of the state, and can be interfered with by the circuit court of the United States so far only as congress, in order to maintain the supremacy of the constitution and laws of the United States, has expressly authorized either a removal of the prosecution into the circuit court of the United States for trial, or a discharge of the prisoner by writ of habeas corpus issued by that court or by a judge thereof."

It is true it may be claimed that the expressions of the supreme court to which we refer, were not essential to the decisions of the points in issue in the cases in which they are used; but being so positive, and coming from so high a tribunal, they cannot be disregarded by us, whatever an appellate court might do.

On the whole, while, as explained in Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, and in other cases which we need not cite, an injunction may go against local officers touching proposed civil proceedings, and without being subject to the criticism that a bill for that purpose constitutes a suit against the state, in violation of the constitutional provision relating thereto, yet in view of the fact that in none of the cases referred to in Pennoyer v. McConnaughy, and in no other which has been cited, or which our examination has made known to us, has the supreme court approved injunctions against proposed criminal proceedings under circumstances like those at bar, and in view of the strong expressions cited by us from that court, and of the undoubted rule that, as between tribunals of the same sovereignty, an injunction of this character is not authorized by the general principles of equity jurisdiction, we are compelled to hold that this bill cannot be maintained.

Having reached this conclusion, we need not consider any question involved in the issue made touching the jurisdictional amount. Let there be a decree dismissing the bill for want of jurisdiction in equity, with costs for the defendants.