# FARNCOMB ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.

## ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 110.  Argued January 14, 1920.—Decided March 1, 1920.

As construed by the Supreme Court of Colorado, §§ 300 and 328 of the charter of the City and County of Denver gave property owners an opportunity to be heard before the Board of Supervisors respecting the justice and validity of local assessments for public improvements proposed by the Park Commission, and empowered the board itself to determine such complaints before the assessments were made. P. 9.

Parties who did not avail themselves of such opportunity can not be heard to complain of such assessments as unconstitutional. P. 11.

64 Colorado, 3, affirmed.

THE case is stated in the opinion.

*Mr. T. J. O'Donnell,* with whom *Mr. J. W. Graham* was on the briefs, for plaintiffs in error.

*Mr. James A. Marsh,* with whom *Mr. Norton Montgomery* was on the briefs, for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

Suit was brought in the District Court of the City and County of Denver by the plaintiffs in error to enjoin the City from enforcing an assessment ordinance passed to raise the necessary means to pay for certain park improvements and the construction of boulevards and streets in the City of Denver.

The charter of the City of Denver was before this court in *Londoner* v. *Denver*, 210 U. S. 373. Sections 298 and 299 of the charter provide that the Board of Local Improvements shall prepare a statement showing the costs of improvements, interest, cost of collection, etc., and apportion the same upon each lot or tract of land to be assessed, shall cause the same to be certified by the president, and filed in the office of the clerk. The clerk shall then by advertisement in some newspaper of general circulation, published in the city and county, notify the owners of the real estate to be assessed and all persons interested that said improvements have been or will be completed, and shall specify the whole cost of the improvement, and the share so apportioned to each lot, or tract of land, or person, and any complaint or objection that may be made in writing by such persons or owners to the Board of Supervisors, and filed with the clerk within sixty days from the first publication of such notice, shall be heard and determined by the Board of Supervisors at its first regular meeting after sixty days, and before the passage of any ordinance assessing the cost of the improvements.

Section 300 provides: "At the meeting specified in said notice, or any adjournment thereof, the board of supervisors, sitting as a board of equalization, shall hear and determine all such complaints and objections, and may recommend to the board of public works any modification of their apportionments; the board of public

works may thereupon make such modifications and changes as to them may seem equitable and just, or may confirm the first apportionment and shall notify the council of their final decision; and the council shall thereupon, by ordinance, assess the cost of said improvements against all the real estate in said district and against such persons, respectively, in the proportions above mentioned."

Section 328 of the charter provides: "When the cost of any such park site or parkway is definitely determined, the park commission shall prepare, certify and file with the clerk a statement showing the cost thereof as required in Section 298 hereof; the clerk shall thereupon give the notice required by Section 299 hereof; and thereupon the same proceedings required in Section 300 hereof shall be had, except that the proceedings therein provided to be observed by the board shall be observed by the park commission; and the council shall thereupon by ordinance assess the cost against the other real estate as aforesaid, in the district, in accordance with said apportionments."

The federal question, brought before us by the writ of error, concerns the constitutionality of § 300, above set forth,—the contention being that it does not give interested property owners the opportunity to be heard where the property is to be specially assessed for making improvements of the character in question, as the hearing provided is before a board which has no power to decide any complaint which the property owner may have or make with respect to the validity or falseness of such assessment, or to correct any error in such assessment, but only has power to recommend to the power or authority, originally making the assessment, any modifications of portions of such assessment. That is that the Board of Supervisors has only the power to recommend to the Board of Park Commissioners the apportionment to be made in the assessment. It is the contention of the plaintiffs in error that the hearing thus afforded does not

give due process of law within the meaning of the Four-
teenth Amendment to the Constitution. The Supreme
Court of Colorado, affirming the judgment of the Dis-
trict Court, denied this contention, and affirmed the
judgment of the District Court sustaining the validity of
the assessment. 64 Colorado, 3.

The Supreme Court of Colorado held that the question
had already been disposed of by its own previous decision,
affirmed as to the constitutional point by our decision in
*Londoner* v. *Denver*, 210 U. S., *supra*. In *Londoner* v.
*Denver* the section of the charter now involved was before
this court, being then § 31 of the charter. Section 300
to all intents is the same in terms as § 31, except that the
Board of Supervisors, sitting as a board of equalization,
is substituted for the City Council.

This court when dealing with the constitutionality of
state statutes, challenged under the Fourteenth Amend-
ment, accepts the meaning thereof as construed by the
highest court of the State. *St. Louis & Kansas City Land
Co.* v. *Kansas City*, 241 U. S. 419, 427.

In *Londoner* v. *Denver* this court accepted, as it was
bound to do, the construction of the charter made by the
state court, and upon that construction determined its
constitutional validity. The City Charter was construed
in the Supreme Court in 33 Colorado, 104. In the opin-
ion in that case, after discussing the steps required in
making improvements of the character involved here,
the court, in dealing with § 31, said (p. 117): "Notwith-
standing the apparently mandatory words employed in
Section 31, *supra*, we do not think that thereby the
legislative power and discretion of the city council is
taken away and vested in the board of public works, but
that the former, in the exercise of its functions, is em-
powered to pass an assessing ordinance charging property
with the cost of an improvement, which, according to its
judgment, would be just and equitable."

Adopting this construction of the section, and considering the objection urged that it would not afford due process of law, this court, by Mr. Justice Moody, said (p. 379): "The ninth assignment questions the constitutionality of that part of the law which authorizes the assessment of benefits. It seems desirable, for the proper disposition of this and the next assignment, to state the construction which the Supreme Court gave to the charter. This may be found in the judgment under review and two cases decided with it. *Denver* v. *Kennedy,* 33 Colorado, 80; *Denver* v. *Dumars,* 33 Colorado, 94. From these cases it appears that the lien upon the adjoining land arises out of the assessment; after the cost of the work and the provisional apportionment is certified to the city council the landowners affected are afforded an opportunity to be heard upon the validity and amount of the assessment by the council sitting as a board of equalization; if any further notice than the notice to file complaints and objections is required, the city authorities have the implied power to give it; the hearing must be before the assessment is made; this hearing, provided for by § 31, is one where the board of equalization 'shall hear the parties complaining and such testimony as they may offer in support of their complaints and objections as would be competent and relevant,' 33 Colorado, 97; and that the full hearing before the board of equalization excludes the courts from entertaining any objections which are cognizable by this board. The statute itself therefore is clear of all constitutional faults."

Plaintiffs in error did not avail themselves of the privilege of a hearing as provided by this section, but after the assessing ordinance had been passed began this proceeding in the District Court to test the constitutionality of the law. As we have said, the question as to what should be a proper construction of the charter provision was not for our decision; that matter was within the

sole authority of the state court, and was disposed of, as the Supreme Court of Colorado held, by the former cases reported in 33 Colorado, and by our decision based upon that construction in *Londoner* v. *Denver*, 210 U. S., *supra*. As the plaintiffs in error had an opportunity to be heard before the board duly constituted by § 300, they cannot be heard to complain now. It follows that the judgment of the Supreme Court of Colorado must be

*Affirmed.*