LIVE OAK WATER USERS' ASSOCIATION ET AL. *v.* RAILROAD COMMISSION OF CALIFORNIA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 73. Argued October 22, 1925.—Decided January 4, 1926.

1. A rate-fixing order made by a commission acting under a state statute is, for jurisdictional purposes in applying Jud. Code § 237, as amended Sept. 6, 1916, an act of the legislature. P. 356.
2. A judgment of a state supreme court sustaining such an order *held* not reviewable here by writ of error, under Jud. Code § 237, as amended Sept. 6, 1916, where the constitutionality of the order itself was not definitely drawn in question before the state court

prior to a petition for rehearing which was denied without more. P. 357.

3. In a case where the state court has decided a local question adequate to support its judgment without regard to federal questions, the better practice in this Court, (generally at least) is to dismiss the writ, rather than affirm the judgment. P. 359.

Writ of error to 192 Cal. 192, dismissed.

ERROR to a judgment of the Supreme Court of California sustaining upon review an order of the State Railroad Commission which increased the rates demandable by a public service corporation for supplying water for irrigation purposes. Plaintiffs in error were consumers of the water and claimed that the order conflicted with their rights under standing contracts with the company.

*Mr. F. S. Brittain,* for plaintiffs in error.

*Mr. Carl I. Wheat,* for defendant in error, Railroad Commission of California.

*Messrs. Isaac Frohman, Frank R. Devlin,* and *Douglas Brookman* for the defendant in error, Sutter Butte Canal Company.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The Sutter-Butte Canal Company, a public service corporation of California, has long supplied water for irrigation in the Sacramento Valley. Before 1913 plaintiffs in error or their predecessors severally contracted with it for water to be used during long terms on definitely described parcels of land, at prices based upon their total areas at specified rates per acre, whether actually consumed or not. Payment of the stipulated sums was secured by liens on the entire tracts; rights so acquired were appurtenant to the land and constituted a servitude upon the water. Other stipulations concerned lateral ditches, etc.,

etc. Those who held these agreements are referred to as contract customers. Other parties—non-contract customers—were supplied and charged according to number of acres actually irrigated from year to year.

In 1918 the Railroad Commission permitted a general increase of rates but gave contract customers somewhat lower ones than those prescribed for others. Thereafter the company continued to demand and receive from all contract customers yearly sums reckoned according to entire acreage.

April 26, 1922, the Commission granted another increase of rates, again giving lower ones to contract customers. Plaintiffs in error obtained from the court below a review of this order. Their petition therefor asked, "that upon such review such order and decision of said Railroad Commission be annulled and set aside insofar as the same makes provision for the collection of rates upon any acreage other than that upon which water may be desired by these petitioners." That court first held the challenged order produced unlawful inequalities between contract and non-contract customers, contrary to the law of the State, and therefore should be set aside. 65 Cal. Dec. 69. Having granted a rehearing, it declared the inequalities were not unreasonable and affirmed the order. 192 Cal. 132.

The cause is here upon writ of error. Considering the circumstances disclosed by the record, we have no jurisdiction unless it affirmatively appears that in the court below there was duly drawn in question the validity of a statute of or an authority exercised under the State because of repugnance to the Constitution, treaties or laws of the United States. Jud. Code § 237, as amended Sept. 6, 1916. Under repeated rulings here, for jurisdictional purposes the order of the Commission must be treated as though an Act of the Legislature. *Lake Erie & West. R. R. Co.* v. *State Public Utilities Commission ex rel. Cameron,* 249 U. S. 422, 424, and cases there cited.

The brief for plaintiffs in error declares: " The plaintiffs in error maintain that by the judgment of the Supreme Court of California the obligations of their contracts have been impaired, that their property has been taken without due process of law, that they have been denied the equal protection of the laws, and that the California court has denied and renounced its power to protect the plaintiffs in error in their claims of rights, privileges and immunities secured by the Constitution of the United States." This statement shows no jurisdiction here under the writ of error although it specifies a federal question justiciable by certiorari. Something more than a claim of federal right is necessary; the attack must be upon the validity of the order, not merely upon the court's judgment.

The brief further states that by the application to the Railroad Commission for rehearing and in the petition to the Supreme Court of California for review, plaintiffs in error set up their federal claims. No citations to the record accompany this statement, as our rules require. Rule 25, 2(c). A claim merely presented to the Commission upon application for rehearing would not suffice to give us jurisdiction. It must have been definitely brought to the court's attention. Although a copy of the request for rehearing addressed to 'the Commission is annexed to the petition to the Supreme Court, this petition made no claim under the federal Constitution with sufficient definiteness for us to say that the court's attention was challenged thereto. Neither opinion of the court shows that it considered or necessarily passed upon any such question. After the second opinion a petition for rehearing dwelt much on federal rights, but this was denied without more and is now without consequence. *Rooker* v. *Fidelity Trust Co.,* 261 U. S. 114, 117.

Under the heading, " Authorities on Jurisdiction Relied on by Petitioners on Rehearing (Addressed to the Chief

Justice and Associate Justices of the Supreme Court of California)," there are printed in the record before us extracts from the written argument of counsel for the Water Users' Association and others, wherein this appears—

"Three rights of the petitioners under the Constitution of the United States are violated unless the order be annulled:

"(1) The obligations of their contracts are impaired by a law passed after the contracts were made; (2) The impairment of their contracts makes their lands subject to a lien to which they never agreed, and requires of them payment for the use of water not served, hence their property is taken without due process of law; and (3) By reason of the impairment of their contracts they are classified as consumers upon no real distinction of the character of the service, and know as citizens of the United States they are denied the equal protection of the laws."

In his brief here counsel for plaintiffs in error has not relied upon the foregoing as sufficient to show that the points there suggested were duly raised and presented to the court below, and we are not aware of any rule of practice in that court which permits such questions to be thus raised in a proceeding upon certiorari.

In *Zadig* v. *Baldwin*, 166 U. S. 485, 488, here upon error to the Supreme Court of California, this court said: "The contention that there was a federal question raised below finds its only support in the fact that there has been printed in the record, as filed in this court, what purports to be an extract from the closing brief of counsel presented to the Supreme Court of the State, in which such a federal question is discussed, and it is asserted orally at bar that in the oral argument made in the Supreme Court of California a claim under the federal Constitution was presented. But, manifestly, the matters

referred to form no part of the record and are not adequate to create a federal question when no such question was necessarily decided below, and the record does not disclose that such issues were set up or claimed in any proper manner in the courts of the State."

As we interpret its opinion and judgment the court below ruled only that the order of the Commission fixed rates to be charged, leaving all other questions subject to determination by the courts. Counsel for the Commission affirmed this interpretation and at the bar agreed that judgment here might rest thereon. In printed argument he said: " Except as to rates, the Commission did not attempt (in fact, expressly disclaimed any attempt) to change any of the provisions of these contracts, and the effect of this rate order, as a matter of law, on those other provisions was left by the Commission for determination by the courts as the occasion might arise." The decision below upon this point of local law is enough to support the judgment and leaves no federal question open for our determination.

In cases where the state court has decided a local question adequate to support its judgment this court has sometimes affirmed, and sometimes has dismissed the writ of error. *Murdock* v. *Memphis,* 20 Wall. 590, 634–636; *Eustis* v. *Bolles,* 150 U. S. 361, 370; *Southern Pacific Co.* v. *Schuyler,* 227 U. S. 601, 610; *Howat* v. *Kansas,* 258 U. S. 181; *Browne* v. *Union Pacific,* 267 U. S. 255. We have again considered the matter and have concluded that, generally at least, it is better practice to dismiss.

The writ of error must be

*Dismissed.*