[No. 21062. *En Banc.* September 24, 1929.]

COLUMBIA RIVER TELEPHONE COMPANY, *Appellant* v. DEPARTMENT OF PUBLIC WORKS *et al.,*
*Respondents.*[1]

*Cleland & Clifford,* for appellant.

*The Attorney General* and *H. C. Brodie, Assistant,* for respondent.

ON REHEARING.

MILLARD, J.—By our *En Banc* opinion in this case (*Columbia River Tel. Co. v. Department of Public Works,* 148 Wash. 395, 269 Pac. 6), we affirmed the order of the department of public works fixing the

[1]Reported in 280 Pac. 739.

valuation of appellant's telephone property. Appellant's petition for a rehearing was granted.

Appellant argued on the rehearing that we have left in doubt whether (1) the statutory valuation determined in this case concludes appellant upon the matter of valuation, or whether (2) appellant may, hereafter, in any rate proceeding affecting it, be saved from any contention that the instant proceeding is *res judicata* concerning the valuation of its property for rate-making purposes.

The only questions presented in the original hearing were (1) whether the department of public works had erred in refusing to make an allowance for going-concern value in placing the valuation upon appellant's property for rate-making purposes; and (2) whether the failure to make such allowance for going-concern value in the valuation proceeding deprived the appellant of its property without due process of law in contravention of the fourteenth amendment to the United States constitution.

We held that the department of public works properly declined to make any allowance for going-concern value; and, with reference to the second question, we said:

"It is difficult for us to see how the valuation placed upon the public service property of appellant by the department in this proceeding has the effect of depriving appellant of its property without due process of law, in violation of constitutional guaranties, since the findings and order do not compel any reduction in, or fix, the service rates chargeable by appellant. No one has asked for, nor has the department made or threatened to make, any change in the present fixed service rates charged and collected by appellant."

It seems clear to us that we held no more than that the failure to augment the value of appellant's property by going-concern value did not deprive appellant

34

of its property without due process of law; and that, if a Federal question were presented, it was moot.

Until there has been an attempt to apply the order of valuation to the fixing of rates, and when the application fixes the rates so low as to confiscate the property of appellant, there is no question of confiscation presented. An applicable authority is *Ex parte Williams,* 277 U. S. 267, 48 Sup. Ct. Rep. 523. That was a tax assessment proceeding. The supreme court of the United States held that the assessments did not become reviewable judicially until such assessments were translated into action by the levying of a tax based on the assessment.

The judgment is affirmed.

All concur.