## GREEN v. HART et al.

No. 2044.

District Court, D. Connecticut.

Feb. 18, 1930.

See, also, 41 F.(2d) 855.

Spellacy, Wholean & Yeomans, of Hartford, Conn., for petitioner.

Kirkham, Cooper, Hungerford & Camp, of New Britain, Conn. (Carlos Richardson, of New Britain, Conn., of counsel), for respondents.

BURROWS, District Judge.

The parties appeared on February 3, 1930, on a motion by the petitioner for an

interlocutory injunction. At that time the respondents requested that a statutory court hear the motion under section 266 of the Judicial Code (28 USCA § 380). That portion of section 266, which would be applicable if the constitutionality of the statute were in question, reads: "No interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute * * * upon the ground of the unconstitutionality of such statute, * * *" shall be issued or granted unless it be heard and determined by three judges. The petition does not allege that the state gaming statutes are unconstitutional. Moreover, counsel for the petitioner stated in court that no such claim is made.

That portion of the said section which reads: "The enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such State," is not applicable. Sections 6476 and 6477 of the General Statutes of Connecticut make no provisions for the issuance of any order; neither are the respondents Hart and McCue, as police officers, and Woods, as prosecuting attorney for the city court of New Britain, severally or collectively, an administrative board or commission, as contemplated by section 266.

In so far as the present motion is concerned, the only ground upon which I would be justified in organizing a statutory court would be that the petitioner attack the constitutionality of one or other of the gaming statutes under which the respondents might act.

Let the parties appear and be heard on the motion for an interlocutory injunction February 20, 1930, at 10:30 o'clock in the forenoon, at Hartford. So ordered.

