**ROSS v. GOODWIN et al.**
No. 200.

District Court, D. New Hampshire.
March 25, 1930.

See, also, 40 F. 535.

Robert J. Doyle, of Nashua, N. H., for plaintiff.

Ralph W. Davis, Atty. Gen., Winthrop Wadleigh, Asst. Atty. Gen., and John L. Sullivan, County Sol., for defendants.

MORRIS, District Judge.

This is an action by Charles B. Ross of Grantwood, Bergen county, N. J., doing business under the name of Eastern Mint Vending Company, against Irving F. Goodwin, chief of police of the city of Nashua, Michael Healey, chief of police of the city of Manchester, Richard M. O'Dowd, sheriff of the county of Hillsborough, and John L. Sullivan, solicitor of the county of Hillsborough, seeking an injunction restraining said several officers from seizing, removing, confiscating, and destroying slot mint-vending machines which the company propose to place in different sections of Hillsborough county, and from intimidating, molesting, or in any manner interfering with the operations of said vending machines of the complainant, or with him, his agents, or other persons acting with or for him in connection with the same.

The petition sets forth that the petitioner is, and for sometime past has been, engaged in the purchase and distribution of Mills-Front O. K. Mint Vender Machines, and, by means of said machines, in the sale and distribution of Mills Vens Mints to the public for five cents a package.

The petition further alleges that the petitioner has recently purchased a large number of said machines for the purpose of distributing the same in the cities of Nashua and Manchester to distribute and sell said mints, and that the complainant, after acquiring a large number of said vending machines and entering into contracts for placing the same, have been notified to desist in such efforts, and that the petitioner and his agents have been threatened with arrest and prosecution if they attempt to undertake to place or distribute any of said machines within the limits of the city of Nashua or Manchester.

The petitioner further alleges that the value of these machines is in excess of $100 each, and that he is preparing and undertaking to place within the cities of Nashua and Manchester more than one hundred machines.

The petition further alleges that, if the threats of the defendant to seize and remove all of the vending machines is carried into effect, the plaintiff will be deprived of his property without due process of law, and will suffer irreparable damage, that he would be required to bring a multiplicity of actions to protect his property rights, and that he is without adequate remedy at law.

The defendants, appearing by Ralph W. Davis, Attorney General for New Hampshire, have filed a motion to dismiss the action upon the following grounds:

(1) The District Court of the United States for the District of New Hampshire is without jurisdiction to entertain the above action because of the Eleventh Amendment to the Constitution of the United States.

(2) The District Court of the United States for the District of New Hampshire is without jurisdiction to entertain the above action because it has no jurisdiction to stay the arm of a sovereign state in the execution of its original laws.

The case came on for hearing February 27, 1930, upon plaintiff's motion for a temporary injunction and defendant's motion to dismiss for want of jurisdiction, and, after hearing counsel, written arguments were invited upon the question of jurisdiction. The motion for a temporary injunction was left in abeyance pending consideration of the jurisdictional question.

Counsel for the defendants argue that the suit is, in effect, an action against the state of New Hampshire, prohibited by the Eleventh Amendment to the Constitution of the United States. They further argue that a federal District Court is without jurisdiction to enjoin the execution of the criminal laws of the state. The defendants argue that the use of petitioner's slot mint-vending machine is a violation of the criminal laws of the state of New Hampshire, and call attention to chapter 384, § 11 of the Public Laws of New Hampshire which provides that: "Any slot machine or other machine or appliance intended for the purpose of winning money or any other thing by chance or hazard is a gambling implement, and all laws relating to

gambling implements shall include all such machines and appliances."

It is urged that a restraining order such as is sought by the plaintiffs would prevent the officers named as defendants from executing the criminal laws of the state, and that therefore the suit is in effect one against the state of New Hampshire.

Defendants have also filed a motion to stay proceedings on the ground that the question involved is one relating to state rights, and that it is governed by section 266 of the Federal Judicial Code (28 USCA § 380), requiring the summoning of a statutory court of three judges to determine the question of issuing a preliminary or permanent injunction. They ask for a stay of proceedings until a suit can be brought in the state court, if such procedure is deemed advisable.

■■ Ordinarily, actions of this class arise upon the attempted enforcement of an alleged unconstitutional state statute, and it has been held many times that a suit against individuals for the purpose of preventing them as officers of the state from enforcing an unconstitutional enactment to the injury of the rights of the individual is not a suit against the state within the meaning of the Eleventh Amendment. Smyth v. Ames, 169 U. S. 466, 518, 18 S. Ct. 418, 42 L. Ed. 819; Western Union Telegraph Co. v. Andrews, 216 U. S. 165, 30 S. Ct. 286, 54 L. Ed. 430.

But petitioner's complaint does not challenge the constitutionality of the New Hampshire statute, but rests its action upon the charge of abuse of power by certain officers of the state. A court of equity has jurisdiction in a suit to enjoin the enforcement of a statute which affects property rights, although its violation may be punishable as a criminal offense.

In the case of In re Debs, 158 U. S. 564, 593, 15 S. Ct. 900, 909, 39 L. Ed. 1092, Mr. Justice Brewer says: "Again, it is objected that it is outside of the jurisdiction of a court of equity to enjoin the commission of crimes. This, as a general proposition, is unquestioned. A chancellor has no criminal jurisdiction. Something more than the threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the court. There must be some interferences, actual or threatened, with property or rights of a pecuniary nature; but when such interferences appear the jurisdiction of a court of equity arises, and is not destroyed by the fact that they are accompanied by or are themselves violations of the criminal law."

As said above, ordinarily, such questions arise under a claim of unconstitutionality of the statute sought to be enforced, but the fact that the statute is conceded to be constitutional does not oust the federal court of its jurisdiction. A valid law, may be wrongfully administered by officers of the state so as to make such administration an illegal burden and exaction upon the individual. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 390, 14 S. Ct. 1047, 38 L. Ed. 1014.

And as was said by Judge Van Valkenburgh in the case of Chicago, B. & Q. R. Co. v. Oglesby (D. C.) 198 F. 153, 156: "It will thus be seen that a remedy against unjust, unreasonable, or oppressive orders is expressly granted, and, whenever a citizen of a state can go into the courts of a state to defend his property against the illegal acts of its officers, a citizen of another state may invoke the jurisdiction of the federal courts to maintain a like defense."

In Philadelphia Co. v. Stimson, 223 U. S. 605, 620, 32 S. Ct. 340, 344, 56 L. Ed. 570, which was a suit brought in the Supreme Court of the District of Columbia to set aside certain harbor lines in the harbor of Pittsburg, so far as they encroached upon the land owned by the complainant, and to restrain the Secretary of War from causing criminal proceedings to be instituted against the complainant, Mr. Justice Hughes says: "The complainant did not ask the court to interfere with the official discretion of the Secretary of War, but challenged his authority to do the things of which complaint was made. The suit rests upon the charge of abuse of power, and its merits must be determined accordingly; it is not a suit against the United States."

In the case of Ashcraft v. Healey (C. C. A.) 23 F. (2d) 189, a case from the Fifth Circuit involving mint-vending machines which from the description would appear to be of the same type as the machine in question, it was held that the federal court had jurisdiction.

Attention is called to the case of Rhodes & Jacobs Mfg. Co. v. State of New Hampshire (C. C.) 70 F. 721, 723, in which the complainant, an Illinois corporation sought to obtain an injunction against the mayor, city solicitor, and chief of police of the city of Manchester to restrain original proceedings already brought against agents of the complainant for alleged violation of the New Hampshire statute, relating to hawkers and pedlers.

It seems to me there is a distinction between the Rhodes' Case and the instant case, and that that distinction lies in the fact that original proceedings had already been instituted in the state court. Judge Putnam says: "It is plain that under section 720 of the Revised Statutes [28 USCA § 379] the proceedings instituted before this bill was filed, and described in it, cannot be enjoined by this court."

But he further says: "It seems, however, to be for the most part considered that this section does not apply to proceedings, either criminal or civil, which have not in fact been commenced, but which are threatened by state officials." We realize that the question of jurisdiction in this case is a delicate one because it brings in issue indirectly the question whether the state officials may be enjoined from the performance of what they consider their official duty.

The language of Chief Justice Marshall in Cohens v. Virginia, 6 Wheat. 264, 404, 5 L. Ed. 257, so often quoted, is quite pertinent: "It is most true, that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction, if it should. * * * We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. * * *"

Upon the authority of the cases cited and others which have been examined, I am impelled to hold that the District Court has jurisdiction of this case, and that it is not an action against the state of New Hampshire within the meaning of the Eleventh Amendment of the Federal Constitution.

The next question involved is whether or not I must summon a statutory court of three judges.

Section 266 of the Judicial Code (28 USCA § 380) appears to be limited to interlocutory injunctions suspending or restraining the enforcement, operation, or execution of a state statute upon the ground of its unconstitutionality.

In Ex parte Williams, Tax Commissioner, 277 U. S. 267, 48 S. Ct. 523, 525, 72 L. Ed. 877, Mr. Justice Brandeis says: "A case does not fall within section 266, unless a statute or an order of an administrative board or commission is challenged as contrary to the Federal Constitution."

See, also, Oklahoma Gas Co. v. Russell, 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659; Ex parte Buder, 271 U. S. 461, 46 S. Ct. 557, 70 L. Ed. 1036.

In order to bring the case within section 266 of the Judicial Code (28 USCA § 380), two things must concur. First, a preliminary injunction must be sought and insisted on (Smith v. Wilson, 273 U. S. 388, 47 S. Ct. 385, 71 L. Ed. 699); and, second, the injunctive relief must be sought upon the ground of the unconstitutionality of a state statute or an order of an administrative board or commission.

In the instant case the constitutionality of section 10, c. 284, of the Public Laws of New Hampshire, is not questioned. The case does not arise upon any order of an administrative board or commission created by statute. The suit rests upon the charge of abuse of power by the defendants. Therefore I hold that it does not require the formation of a statutory court of three judges to hear and determine the application for a restraining order.

The case may stand for trial upon its merits.