**J. B. SCHERMERHORN, Inc., v. HOLLO-MAN, County Treasurer, et al.***

No. 1108.

Circuit Court of Appeals, Tenth Circuit.

Nov. 26, 1934.

Rehearing Denied Jan. 2, 1935.

H. A. Ledbetter and H. E. Ledbetter, both of Ardmore, Okl., for appellant.

R. W. Stoutz, of Tulsa, Okl., and Marvin Shilling, of Ardmore, Okl., for appellees.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

The parties will be referred to as they appeared in the court below. Plaintiff, a corporation organized under the laws of Minnesota, is engaged in the production and sale of oil and gas in Oklahoma. It owns and operates many wells producing oil and gas situated in several counties in that state. Defendants Holloman and Shilling are treasurer and county attorney, respectively, of Carter county, Okl.; defendant Harris is tax ferret for that county, a position authorized by the law of the state; and defendant Stoutz is attorney for Harris.

On June 9, 1933, Harris as tax ferret filed with Roy Ashley, then treasurer of Carter county, and since succeeded by Holloman, a report showing that plaintiff owned certain property consisting of credits, choses in action, notes, accounts receivable, and money in bank subject to tax in that county for the taxable years 1926 to 1932, inclusive, but omitted from the tax rolls. The county treasurer immediately sent plaintiff a notice in writing stating that the report had been filed, that any statement in writing or evidence submitted concerning the valuation and assessment of the property would be considered, and that, if no objection were made on or before a date named, the property would be assessed and the assessment extended upon the tax rolls. Plaintiff filed an objection in writing against the proposed assessment and extension of the tax. The county treasurer heard the matter and declined to list the property or extend the tax. Defendants Shilling and Stoutz, pretending and assuming to act for the state appealed from that action to the county court of Carter county. While the proceeding was pending there and awaiting action by that court, plaintiff instituted this suit in the court below to enjoin the assessment of the property and the extension of the tax. It was alleged that throughout the years in question the situs of the property for taxation purposes was in Minnesota, and for that reason it was not subject to tax in Oklahoma; that plaintiff had paid to the state of Minnesota all tax due it under the laws· of that state (it was not alleged that any tax had been paid on this particular property), and that to impose the asserted tax would

*Writ of certiorari denied 55 S. Ct. 548, 79 L. Ed. —.

amount to double taxation; that the tax amounts to more than $100,000; that plaintiff is unable to pay it; that its assessment and extension would constitute a lien upon all of plaintiff's property causing purchasers to decline to pay for oil and gas; and that a multiplicity of suits would be necessary to remove the lien. Diversity of citizenship and double taxation, said to be in contravention of the Constitution of the United States, were relied upon to confer jurisdiction upon the court.

A special court of three judges was sought, convened in accordance with section 266 of the Judicial Code (28 USCA § 380). The trial judge declined to convene such a court, and dismissed the bill.

█ A trial judge is authorized to determine in the first instance whether a case is one requiring disposition by a special court convened in accordance with the statute, and he is not required to call two additional judges to his assistance unless the case is of that nature. Ex parte Williams, 277 U. S. 267, 48 S. Ct. 523, 72 L. Ed. 877; Independent Gin & Warehouse Co. v. Dunwoody (D. C.) 30 F.(2d) 306; Ross v. Goodwin (D. C.) 40 F.(2d) 532; Green v. Hart (D. C.) 41 F.(2d) 854; United States B. & L. Ass'n v. McClelland (D. C.) 6 F. Supp. 299. His decision upon the question is subject to review.

██ The motion for a special court was improvidently made. The statute provides textually that a court convened under its terms shall be necessary only when it is sought to enjoin a state official or members of a state commission or board from enforcing a state statute or from executing an order made by an administrative board or commission pursuant to such a statute. It does not apply to a suit having for its purpose the restraint of county officers from imposing and collecting a local tax. Ex parte Williams, supra; Ex parte Collins, 277 U. S. 565, 48 S. Ct. 585, 72 L. Ed. 990; Ex parte Public Nat. Bank, 278 U. S. 101, 49 S. Ct. 43, 73 L. Ed. 202; Connecting Gas Co. v. Imes (D. C.) 11 F.(2d) 191; Connor v. Board of Commissioners (D. C.) 12 F.(2d) 789. And a mere assessment is not an order within the purview of the statute. Gully v. Interstate Nat. Gas Co., 292 U. S. 16, 54 S. Ct. 565, 78 L. Ed. 1088. The trial judge was empowered to act upon the motion, and he correctly denied it.

█ Coming to the merits of the case, an appeal to the county court within ten days from the action of the county treasurer upon a proposal to list and assess property omitted from the tax rolls is expressly authorized by section 12346, Oklahoma Statutes 1931. Such an appeal is administrative as distinguished from judicial. For that reason it must be exhausted before resort can be had to equity. Plaintiff cannot discard that unexhausted administrative remedy and submit its grievance to a court of equity. This court has so declared upon facts bearing essential similarity to those presented here. Ex parte State of Oklahoma, 37 F.(2d) 862; Rounds & Porter Lumber Co. v. Livesay, 65 F.(2d) 298. See, also, Kansas City Southern Ry. Co. v. Cornish (C. C. A.) 65 F.(2d) 671; Farncomb v. City and County of Denver, 252 U. S. 7, 40 S. Ct. 271, 64 L. Ed. 424; Milheim v. Moffat Tunnel Imp. Dist., 262 U. S. 710, 43 S. Ct. 694, 67 L. Ed. 1194; First National Bank v. Board of Com'rs of Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784; Gorham Mfg. Co. v. State Tax Commission, 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279; Porter v. Investors' Syndicate, 286 U. S. 461, 52 S. Ct. 617, 76 L. Ed. 1226; Utley v. City of St. Petersburg, 292 U. S. 106, 54 S. Ct. 593, 78 L. Ed. 1155.

█ It is provided by section 12660 of the Statutes that an aggrieved taxpayer may appeal from an assessment made by the assessor to the county board of equalization, and, in case of adverse action by that tribunal, he may appeal to the Supreme Court of the state. Section 12661, as amended by section 8, chapter 115, Session Laws 1933, provides for a like appeal from the state board of equalization to the Supreme Court. The amended act provides in express terms that the appeal shall be administrative rather than judicial. Despite earlier expressions indicating a contrary view, the Supreme Court of the state decided quite recently that its action in a case thus appealed is judicial, not administrative. In re Assessment of Kansas City Southern Ry. Co. (Okl. Sup.) 33 P.(2d) 772. Whether in view of that pronouncement it will be determined at a future time that an appeal from the county court to the Supreme Court authorized by section 12348 is judicial, and, if so, whether that remedy is exclusive of resort to equity, are abstract questions not necessary to consider, because the proceeding under attack here has not reached that status. It is pending in the county court, and that tribunal acts administratively. Moreover, that court has not determined the matter. If the contentions advanced by plaintiff concerning the nonliability of its

property to tax in Oklahoma are correct, we should assume that the court will sustain them and deny the assessment and levy. That an administrative tribunal will perform its duties correctly is an assumption of wide recognition. This case presents no foundation upon which to presume that the county court will wrongfully subject plaintiff's property to a tax not authorized by law.

Plaintiff cannot complain in advance of a levy. It will not be injured until one has been made. It is the levy that is reviewable, and a court of equity should not intervene until one has been laid. First National Bank v. Albright, 208 U. S. 548, 28 S. Ct. 349, 52 L. Ed. 614; Ex parte Williams, supra; United Verde Extension Mining Co. v. Howe (C. C. A.) 8 F.(2d) 209; Gulf Refining Co. v. Phillips (C. C. A.) 11 F.(2d) 967.

Other questions are presented in the briefs. It is unnecessary to discuss them, since, for the reasons indicated, we think the court was right in dismissing the bill, and the decree is therefore affirmed.