Charles D. STUART et al., Appellants,

v.

Will WILSON, Attorney General of the State of Texas, et al., Appellees.

No. 18031.

United States Court of Appeals
Fifth Circuit.

Sept. 14, 1960.

James L. McNees, Jr., Dallas, Tex., for appellants.

Tom I. McFarling, Asst. Atty. Gen., John J. Fagan, Asst. Dist. Atty., Dallas, Tex., Linward Shivers and Riley Eugene Fletcher, Asst. Attys. Gen., for appellees.

Before RIVES, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

This case is submitted for decision on briefs in support of and in opposition to the appellees' second motion to dismiss the appeal.

Initially the complaint in the district court was filed by some 92 persons, who described themselves as "all naturopathic physicians." They claimed to be pursuing a lawful occupation, and sought, *inter alia*, to enjoin the Texas State Board of Medical Examiners, the Attorney General of Texas, and the District Attorney of Dallas County, Texas, from enforcing the Texas Medical Practice Act, Articles 4495–4512, Vernon's Ann. Texas Revised Civil Statutes, upon the ground that that statute and its enforcement were violative of several provisions of the Constitution of the United States. The complaint sought the convening of a three-judge district court to hear the case. Instead, the one-judge district court, after hearing arguments, ordered the action dismissed for lack of a substantial federal question warranting exercise of jurisdiction.

In their second motion to dismiss the appeal the appellees urge that Stratton v. St. Louis Southwestern Ry. Co., 1930, 282 U.S. 10, 51 S.Ct. 8, 10, 75 L.Ed. 135, is fatal to jurisdiction on direct appeal not only to the Supreme Court of the United States, but also to the Court of Appeals. Appellees insist that the only remedy possibly available to the appellants is writ of mandamus from the Supreme Court.

In the Stratton case, supra, the Court held that a single judge has no jurisdiction to entertain a motion to dismiss such a complaint "on the merits", but stated also that the statute providing for a three-judge district court " * * * applies only where there is a substantial claim of invalidity under the Federal Constitution * * * *."

In Ex parte Poresky, 1933, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152, the Court made it clear that a single-judge district court always has authority to dismiss for want of jurisdiction when the federal question lacks the necessary substance and no other ground of jurisdiction appears. To like effect is California Water Service Co. v. City of Redding, 1938, 304

**541**

U.S. 252, 254–255, 58 S.Ct. 865, 82 L.Ed. 1323.

■ As said in J. B. Schermerhorn, Inc. v. Holloman, 10 Cir., 1934, 74 F.2d 265, 266:

"A trial judge is authorized to determine in the first instance whether a case is one requiring disposition by a special court convened in accordance with the statute, and he is not required to call two additional judges to his assistance unless the case is of that nature. Ex parte Williams, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877; Independent Gin & Warehouse Co. v. Dunwoody (D.C.) 30 F.(2d) 306; Ross v. Goodwin (D.C.) 40 F.(2d) 532; Green v. Hart (D.C.) 41 F.(2d) 854; United States B. & L. Ass'n v. McClelland (D.C.) 6 F.Supp. 299. His decision upon the question is subject to review."

■■ The case of Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130, 134, 135, seems directly in point, and we therefore quote at some length:

"On authority of Stratton v. St. Louis S. W. Ry. Co., supra, it is urged to us that a single district judge acts without jurisdiction when he grants summary judgment and dismissal of an action where the complaint raises the question of constitutionality of an Act of Congress by seeking relief in the form of 'an interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States * * *.' 28 U.S.C.A. § 2282. In reliance upon the Stratton case, supra, appellants now urge that the appropriate procedure following such action by the lower court was for them not to appeal to this Court (since it would lack jurisdiction in such an appeal) but rather to directly petition the Supreme Court for mandamus directing the district court judge to convene a three-judge court.

"We have found no case which adequately discusses and disposes of the precise issue thus tendered here, that is to say, the power of this Court to entertain an appeal from the refusal by the lower court to convene a three-judge court, and the granting of summary judgments and dismissals by the district judge. But we conclude that the cases called to our attention fail to sustain the jurisdictional contentions of appellants.

"From a reading of the Stratton and Poresky cases, supra, we are of the opinion that the trial judge sitting alone may initially determine if there is a 'substantial' federal constitutional issue presented by a complaint which seeks an interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress as being repugnant to the United States Constitution. We believe that a single district judge may dismiss a complaint if he decides that a substantial constitutional issue is not raised therein. It is only where a single district judge decides that a complaint raises a substantial constitutional issue and proceeds to decide that issue on its merits, that he acts without jurisdiction. The remedy for such action is to seek mandamus from the Supreme Court to compel the convening of a three-judge court to hear and decide the substantial constitutional issue in the case on its merits."

See also Board of Supervisors of Louisiana State University, etc., et al. v. Tureaud, 5 Cir., 1955, 225 F.2d 434, certiorari denied 351 U.S. 924, 76 S.Ct. 780, 100 L.Ed. 1454; 1 Moore's Federal Practice, 2d ed., Sec. 0.205, p. 2233, n. 11.

■ The judgment of the district court is not "an order granting or denying, after notice and hearing, an interlocutory or permanent injunction" which

542

will support a direct appeal to the Supreme Court (28 U.S.C.A. § 1253). It is a final decision of the district court which will support an appeal to the Court of Appeals (28 U.S.C.A. § 1291).

The second motion to dismiss the appeal is denied.

Motion denied.

CAMERON, Circuit Judge, concurs in the result.